IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BILL WESTCOTT,

    Petitioner,

vs.

JOSE VASQUEZ, Warden,

    Respondent.

CIVIL ACTION NO.: CV206-064

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Bill Westcott ("Westcott"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Petitioner has filed a Response and an Addendum to Response. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

### STATEMENT OF THE FACTS

Westcott was sentenced in the Middle District of Florida to life imprisonment after being convicted of conspiracy to distribute and possess five kilograms of cocaine in violation of 21 U.S.C. § 846. (Mot. at 2). Westcott subsequently appealed, and the Eleventh Circuit Court of Appeals affirmed. (Id.). Westcott next filed a motion for habeas corpus, pursuant to 28 U.S.C.A. § 2255, in the Middle District of Florida, and that motion was denied. (Id. at 5-6; Gov. Ex. A at Doc. 1384).

In Westcott's petition before this Court, he attacks his criminal conviction and sentence. Westcott first contends that the trial court violated his Fifth Amendment right to be informed of the nature of the charges against him because an indictment was not

AO 72A
(Rev. 8/82)

properly returned by a grand jury and filed before trial. (Mot. at 4, Memo at 4-7). Westcott also contends that the facts of his case do not support a life sentence "contrary to the teachings of the SUPREME COURT," which is apparently a claim based upon the Supreme Court's recent decisions in United States v. Booker, 543 U.S. 220 (2005) and Blakely v. Washington, 542 U.S. 296 (2004). (Memo at 1).

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis added). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

Courts that have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (finding § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (finding § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (finding § 2255 remedy ineffective where sentencing court was abolished). None of these circumstances exist in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Although Westcott alleges that his sentence is illegal, ostensibly based on Booker and Blakely, the Supreme Court has not made these decisions retroactively applicable to cases on collateral review. Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005). Westcott's conviction became final on January 31, 1994 (Mot. at 3), prior to both the

3

Booker (January 12, 2005) and the Blakely (June 24, 2004) Supreme Court decisions. Thus, Westcott does not allege that his conviction and sentence should be vacated or amended based on a retroactively applicable decision of the Supreme Court, nor does he allege that the law of this circuit prevented his claims at a previous time. Accordingly, Westcott has not satisfied the requirements of the § 2255 savings clause.

Westcott cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Westcott is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245. To the extent that Westcott's petition for writ of habeas corpus can be construed as a § 2255 motion because he is attacking the fact of his conviction, he may not proceed with this cause of action. Before a petitioner can file a successive § 2255 motion in a district court, 28 U.S.C.A. § 2244(3)(a) requires that he move the appropriate appellate court for an order authorizing the district court to hear the petition. As Westcott has filed at least one prior § 2255 motion and has failed to move the Eleventh Circuit for an order authorizing this Court to review his claims, his petition should be dismissed.

4

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 6) be **GRANTED**, and that Westcott's Petition for Writ of Habeas Corpus be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 28th day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)